**ARMENTA & SOL, PC**
M. Cris Armenta (SBN 177403)
Credence E. Sol (SBN 219784)
11440 West Bernardo Court, Suite 300
San Diego, CA 92127
Telephone: (858) 753-1724
Facsimile: (310) 695-2560
cris@crisarmenta.com
credence@crisarmenta.com

Attorneys for Plaintiffs
JOHN DOE, MICHAEL DOE, JAMES DOE, HENRY DOE, ROBERT DOE, CHRISTOPHER DOE, MATTHEW DOE, POLLY ST. GEORGE, SCOTT DEGROAT, DAVID J. HAYES, DANIEL LEE, MISHEL McCUMBER, JEFF PEDERSEN, JORDAN SATHER, SARAH WESTALL

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual; MICHAEL DOE, an individual; JAMES DOE, an individual; HENRY DOE, an individual; ROBERT DOE, an individual; CHRISTOPHER DOE, an individual; MATHEW DOE, an individual; POLLY ST. GEORGE, an individual; SCOTT DEGROAT, an individual; DAVID J. HAYES, an individual; DANIEL LEE, an individual, MISHEL McCUMBER, an individual; JEFF PEDERSEN, an individual; JORDAN SATHER, an individual; SARAH WESTALL, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE, LLC., a Delaware limited liability company; YOUTUBE LLC, a Delaware limited liability company; DOES 1 through 10, inclusive. <br><br> Defendants. | Case No. <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYMS; MEMORANDUM OF POINTS AND AUTHORITIES** |

1

**NOTICE OF MOTION**

Plaintiffs JOHN DOE, MICHAEL DOE, JAMES DOE, HENRY DOE, ROBERT DOE, CHRISTOPHER DOE, MATTHEW DOE, POLLY ST. GEORGE ("the DOE Plaintiffs"), by and through their attorneys, hereby move for leave to proceed under pseudonyms in the above-captioned matter. Plaintiffs ask that the Court allow them to proceed under a pseudonym, prohibit Defendants from disclosing Plaintiffs' identities to any third party unless such disclosure is necessary to defend against this action, and require any party that publicly files a document identifying Plaintiffs to redact all personal identifying information in accordance with Fed. R. Civ. P. 5.2. This motion is made on the grounds set forth in the accompanying Memorandum in Support; and exhibits attached thereto; all pleadings and papers filed in this action; the argument of counsel; and further evidence as the Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      INTRODUCTION

As set forth in the Complaint, the DOE Plaintiffs are journalists, videographers, advocates, commentators and other individuals who regularly exercise their right to free speech under the First Amendment of the Constitution of the United States.  The DOE Plaintiffs along with the balance of the named Plaintiffs seek immediate and emergency relief from Defendants' breaches of their contract with Plaintiffs, which have worked to completely deny Plaintiffs the benefits of the contracts and services for which they bargained, to obliterate Plaintiffs' livelihoods, and to deprive both Plaintiffs and their subscribers of their First Amendment rights.  Given that the Presidential election is approaching on November 3 and that Plaintiffs routinely provide news, commentary and information about issues that are directly relevant to that election, Plaintiffs seek immediate and emergency relief by way of a Temporary Restraining Order and/or Injunction to avoid irreparable harm that cannot be cured or later resolved through monetary damages alone.

Plaintiffs have a First Amendment right to their anonymity and the DOE Plaintiffs have maintained their anonymity in the public eye over years because of the sensitive topics on which they report, as evidenced by the swift and draconian actions taken by the Defendants to stifle their speech by de-platforming them suddenly, in violation of the Terms of Service which govern the contractual relationship between Plaintiffs and the Defendants.

II.     ARGUMENT

"A party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." <u>Does I thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1068 (9th Cir. 2000).   The Supreme Court has held that anonymous authors are protected by the First Amendment.  <u>McIntyre v. Ohio Elections Comm'n</u>, 512 U.S. 334, 341-43 (1995).  "[A]n author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment." <u>McIntyre</u>, 514 U.S. 334, 342.  If the speech of the Plaintiffs is actually

threatening or connected to "real-world violence" as YouTube seems to suggest in its blog post, then the Plaintiffs could be subject to criminal liability.  See, e.g., Cal. Gov. Code 5245(b).  The Ninth Circuit has held that anonymity would be justified if it results in a risk of criminal prosecution.  Does I through XIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000).   Other courts in this circuit have agreed, and permitted writers, bloggers and the like to maintain their anonymity in these circumstances.  Publius v. Boyer-Vine, 321 F.R.D. 358 (E.D. Cal. 2017).  In this case, because of the "purely legal nature of the issue presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities."  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008), cited in Publius, supra.  Because the DOE Plaintiffs are news commentators, journalists and information gatherers and speakers and have maintained their anonymity as such under the First Amendment (many for more than 10 years), they should be permitted to proceed anonymously and not forced to choose between asserting their First Amendment right to speak and their First Amendment right to do so anonymously.

Further, the Plaintiffs do not believe that the Defendants will oppose the request for the DOE Plaintiffs to proceed anonymously – in other unrelated litigation, where YouTube was required to produce the identity of a copyright infringer pursuant to a Subpoena issued by this Court under the Digital Millennium Copyright Act (DMCA), YouTube's counsel resisted the production of the *identity* of the infringer to the infringed party, claiming that keeping the infringer's identity confidential just between counsel was important to protect against misuse or abuse, and that proceeding in that fashion would "not hinder your client's ability to protect any rights to Copyright Act affords him."  (Armenta Decl. Ex. 1.)  Clearly, YouTube is concerned also about the privacy of its customers (even those alleged to have infringed copyrights), and therefore, likely to not oppose this Motion.

[signature on next page]

Dated: October 26, 2020   ARMENTA & SOL, PC

By: _/s M. Cris Armenta_
M. Cris Armenta
Attorneys for Plaintiffs JOHN DOE, MICHAEL DOE, JAMES DOE, HENRY DOE, ROBERT DOE, CHRISTOPHER DOE, MATTHEW DOE, POLLY ST. GEORGE, SCOTT DEGROAT, DAVID J. HAYES, DANIEL LEE, MISHEL McCUMBER, JEFF PEDERSEN, JORDAN SATHER, SARAH WESTALL

## DECLARATION OF M. CRIS ARMENTA

I, M. Cris Armenta, declare:

1. I am an attorney admitted to practice before this Court and in good standing with the State Bar of California. I am a partner in Armenta & Sol, PC, counsel of record to the Plaintiffs in this action. I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently as follows.

2. The Plaintiffs are news commentators, journalists and information gatherers. Of the fifteen Plaintiffs, eight of them seek to proceed under pseudonyms because of their status as journalists and because they have maintained their anonymity in doing the work they do and based on information and belief, have not revealed their identities in the course of their First Amendment-protected activities  They are known in the public through their channel names.

3. In connection with an unrelated case, I obtained a Subpoena from this Court for identifying information for an alleged copyright infringer. Although this Court permitted issuance of the Subpoena by the Clerk, counsel for YouTube resisted producing the information without an attorneys-eyes only designation. When I asked why, counsel for YouTube informed me that:

> YouTube respects the privacy of its users and understands that, while many who request user data are no doubt well-intentioned and do so for legitimate reasons, users' personal information is susceptible to misuse.  A bad actor, for example, could post such information online for purposes of harassment, rather than use it for the narrow purpose the law envisions.  To mitigate the potential for abuse, YouTube produces user data subject to certain assurances of confidentiality.  We do not understand how providing data subject to an attorney's eyes only designation, as we proposed, would hinder your client's ability to protect any rights the Copyright Act affords him.

(Email from Kelly Knoll of Wilson Sonsini, dated October 22, 2020 at 7:34 p.m.)  In that case, In re DMCA Subpoena to YouTube LLC, United States District Court for the Northern District of California, 3:20-mc-80143-JCS, there was no basis for YouTube to keep the user's identity confidential, because the very purpose of the DMCA provision under which the Subpoena was issued was to discover the identifying information of an alleged copyright infringer.   However, YouTube's position signals that it takes the privacy of its users seriously.   Since the DOE Plaintiffs were users of YouTube, then I

anticipate that YouTube will not oppose the Motion for the DOE Plaintiffs to proceed anonymously in this case.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and that I executed this Declaration on October 25, 2020 in San Diego, California.

*/s/ M. Cris Armenta*
_____