**ARMENTA & SOL, PC**
M. Cris Armenta (SBN 177403)
Credence E. Sol (SBN 219784)
11440 West Bernardo Court, Suite 300
San Diego, CA 92127
Telephone: (858) 753-1724
Facsimile: (310) 695-2560
cris@crisarmenta.com
credence@crisarmenta.com

Attorneys for Plaintiffs
JOHN DOE, MICHAEL DOE, JAMES DOE,
HENRY DOE, ROBERT DOE, CHRISTOPHER
DOE, MATTHEW DOE, POLLY ST. GEORGE,
SCOTT DEGROAT, DAVID J. HAYES, DANIEL
LEE, MISHEL McCUMBER, JEFF PEDERSEN,
JORDAN SATHER, SARAH WESTALL

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual; MICHAEL DOE, an individual; JAMES DOE, an individual; HENRY DOE, an individual; ROBERT DOE, an individual; CHRISTOPHER DOE, an individual; MATHEW DOE, an individual; POLLY ST. GEORGE, an individual; SCOTT DEGROAT, an individual; DAVID J. HAYES, an individual; DANIEL LEE, an individual, MISHEL McCUMBER, an individual; JEFF PEDERSEN, an individual; JORDAN SATHER, an individual; SARAH WESTALL, an individual,<br><br>     Plaintiffs,<br><br>vs.<br><br>GOOGLE, LLC., a Delaware limited liability company; YOUTUBE LLC, a Delaware limited liability company; DOES 1 through 10, inclusive.<br><br>     Defendants. | Case No. 5:20-cv-07502<br><br>Hon. Beth Labson Freeman<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR TRO AND OSC**<br><br>Date Filed:  October 26, 2020 |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

Having noted numerous factual inaccuracies in Defendants' opposition papers filed October 30, 2020, Plaintiffs submit this brief rebuttal for clarification of the true facts prior to oral argument.

**I.  YOUTUBE'S ANONYMOUS DECLARATION SHOULD BE DISREGARDED**

YouTube offers the electronically signed declaration of a "YouTube Representative" who claims to be fearful of signing his or her name and justifying his or her refusal to do so by the fact that several of the Plaintiffs are proceeding pseudonymously.  However, Plaintiffs filed a motion to proceed under pseudonyms; YouTube did not.  In any event, while a party might proceed anonymously under F.R.C.P. 5.2, if the Court so grants, "absent extraordinary circumstances, witnesses do not testify anonymously under our system of laws.  Diamond Pleasanton Entr., Inc. v. City of Pleasanton, No. 12-CV-000254-WHO, 2015 WL 74949, at *1 (N.D. Cal. Jan 5, 2015).; see also Doe v. Los Angeles Unified School District, 2018 WL 797`52 (C.D. Cal. Feb. 27, 2012) (refusing to allow anonymous declarations of juvenile friends of the plaintiff under seal, where plaintiff has not sought a protective order nor identified the signatures, and refusing to consider the anonymous declarations).[1]

**II.  DEFENDANTS' CLAIMS ABOUT THE CONTENT OF PLAINTIFFS' CHANNELS ARE UNSUPPORTED BY THE EVIDENCE**

On the very first page of their papers, Defendants argue that "Plaintiffs ask the Court to force YouTube to publish videos that, among other things, attacked former White House Chief of Staff John Podesta as a "world class underage sex slave op cover upper," accused the late Senator John McCain of aiding and abetting a child sex-trafficking ring, and asserted that President George H.W. Bush was secretly executed for sex trafficking." (Oppo. Br. 1:2-7.)  Initially, Plaintiffs note that two of the politicians whose defense is taken up by YouTube are deceased—

---

[1]  Similarly, Defendants' "evidence" of a transcript of a recent hearing in the case of Daniels v. Alphabet, Case No. C-20-046870VKD should be disregarded because (1) YouTube fails to provide this Court with the transcript; (2) Magistrate Judge DeMarchi has not yet rendered her decision on the motion that was the subject of that hearing; and (3) that hearing took place without consideration of H.R.1154 and the de-platforming at issue.

and in any event, YouTube provides no evidence that any statements about them were made by any of the Plaintiffs or that their Estates have filed a lawsuit for defamation or obtained an order barring statements made about them.  With respect to the statement about John Podesta, what Defendants fail to note is that the offending quote was ***not*** Plaintiffs' speech.  If counsel for YouTube had done a ten-second Google search, they would have known that the quoted statement was made by the late Andrew Breitbart, a conservative journalist who co-founded HuffPost and founded Breitbart News.  Mr. Breitbart died in 2012, approximately one month after sending the following tweet:[2]



---

[2]   When Plaintiffs' counsel Googled the quoted statement, Mr. Breitbart's tweet was the very first result returned on Google's own search engine.

Furthermore, even if there were evidence in the record that Plaintiffs commented or reported on a decade-old tweet , it is unclear why such commentary would have given YouTube a "reasonable belief" that such commentary on a verifiable tweet of a well-known journalist and the Founder of HuffPost would "cause harm" to YouTube users such that it required an immediate and without notice takedown years later of Plaintiffs' content?

### III. YOUTUBE'S CLAIM THAT PLAINTIFFS TARGETED INDIVIDUALS IN CONNECTION WITH CONSPIRACY THEORIES LINKED TO REAL-WORLD VIOLENCE IS UNSUPPORTED BY THE EVIDENCE

Without any evidentiary support, YouTube claims that it censored Plaintiffs because their content is connected to conspiracy theories that in turn are connected to real-world violence. (Opp. at 1:16-17.) Plaintiffs note that YouTube has had an opportunity to provide such evidence, having been apprised by Plaintiffs of their channel names, the URLs of those channels, and the number of videos posted on each channel.[3] It is remarkable that the largest technology company *in the world,* which presumably would have the relevant evidence in its hand, failed to provide a single piece of evidence to support what it claims is a "reasonable belief" that the attenuated two-hop connections that they claim exist would have threatened anybody's safety in the real world.

### IV. YOUTUBE'S CLAIM THAT PLAINTIFFS VIOLATED ITS CONTENT POLICIES IS UNTRUE

All of the Plaintiffs described the type of content that was on their channels (Plaintiffs' Decl. ¶ 2), affirmed that they had no strikes on their channels (Id. ¶ 6), and indicated that they were each "baffled as to what, specifically led my channel to part of the massive de-platforming." (Id. ¶ 9). This is likely because YouTube provided no reason for its decision, other than blandly pointing to the TOS generally and refusing to disclose any specific concerns or the violation of any specific terms of the TOS that would have enabled Plaintiffs to remedy the situation.

---

[3] More specifically, YouTube had more than 4 full days—from Monday, October 26, 2020, at 11:46 a.m., when it received the conformed Complaint, until Friday, October 30, 2020, at noon to find some evidence, *any evidence* to support its decision to suddenly de-platform Plaintiffs.

Plaintiffs' blamelessness in this matter is supported by their uncontradicted evidence that during the 90 days prior to October 15, their channels had no "strikes." (Plaintiffs' Decl. ¶ 6.) If Plaintiffs' channels had had strikes during that 90-day period, they might have fallen afoul of YouTube's "three strikes" policy for channel deletion upon the publication of new violative content. YouTube offers no evidence that this was the case and does not even argue the point.

## V. YOUTUBE'S CLAIM THAT PLAINTIFFS' CHANNELS ARE HARMFUL IS UNSUPPORTED BY THE EVIDENCE

Plaintiffs assume that YouTube identified what it deemed "harmful" about their channels before those channels were removed  That notwithstanding, nearly two weeks after the de-platforming and one week after this lawsuit was filed, YouTube still has not identified any specific content that it deemed harmful, much less its reason for doing so. Below, Plaintiffs address YouTube's generalized allegations against the only two of the channels—JustInformed Talk (operated by Plaintiff John Doe) and TRUReporting (operated by Plaintiff Robert Doe)—discussed in its brief, along with "another" that YouTube does not identify:

- **JustInformed Talk**. According to YouTube, JustInformed Talk "suggested that Hillary Clinton" was involved with satanic rituals with children and claimed that the Democratic Party had orchestrated the COVID pandemic to encourage voter fraud. (Oppo. Br. at 5:23-26.) YouTube is now the only party in possession of the claimed content, yet refuses to identify content with any particularity, likely because, like the Breitbart mis-attributed Tweet, have misattributed the speech. The available content shows that JustInformed talk expresses his protected political opinions that that persons engaged in pedophilia, post-election violence, public corruption should be prosecuted, and provides a link to report those crimes to the FBI. He also provides his own constitutionally-protected opinion concerning the interplay of COVID and the election, and quotes Bible verses. https://justinformednews.com/2020/10/30/covid-21/ All of this talk is protected, and not a shred of evidence it is harmful in any way or connected to any violence.

- **TRUReporting**: According to YouTube, TRUReporting accused "well-known Americans" of eating babies, spousal murder, child slavery, and pedophilia, and claimed that the

2018 Parkland school shooting was a hoax. (Oppo. Br. at 5:26-28.). Concerning Parkland, the channel and at least one other of the Plaintiffs posted actual videos of interviews taken of actual students and teachers at the site that were aired on local news but are no longer available on the internet elsewhere. With respect to "well-known" Americans, the reference is too vague to identify. None of the Plaintiffs "harassed" the Parkland survivors; rather, some of them have close relationships with survivors and are actively supporting and working with survivors of the incident. Also, the content about Parkland was from more than 2 years ago, so why de-platform it now, unless the true motive was to simply remove conservative content 19 days before an election and the important reporting that will inevitability result after November 3?

## VI. YOUTUBE'S CLAIM THAT PLAINTIFFS CANNOT SHOW IRREPARABLE HARM IS UNSUPPORTED BY THE EVIDENCE

YouTube argues that its actions did not muzzle Plaintiffs and their political conservative viewpoints, pointing to other venues available for their speech. Although technically that may be the case, Plaintiffs request that this Court take judicial notice of the following two facts: (1) that Defendants own the two top platforms on the Internet; and (2) that the United States Department of Justice and 11 states have filed a massive anti-trust case against Google for maintaining a monopoly. (See Armenta Decl. ¶ 16, Ex. O.). Plaintiffs worked for years to build their audiences (who have given their content more than 800 million views to date) on YouTube, the platform with which Plaintiffs entered into a contract to provide content in exchange for the benefit of using the platform. The solution of directing Plaintiffs to scatter to the winds and rebuild their audiences and channels from scratch is no solution at all, because the audiences they worked so hard to attract will be unavailable to them when they cannot so much as leave a forwarding address.

As to the claim that YouTube should be able to take down content people do not want to see, YouTube has provided no evidence of even a single objection by anyone to the content, but Plaintiffs have provided admissible evidence that their content has been viewed more than 800 million times. The First Amendment rights of the public to hear must also be taken into account.

## VII. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully renew their request that this Court GRANT their application for a TRO and OSC on why a preliminary injunction should not issue.

Dated: October 31, 2020                    ARMENTA & SOL, PC

By: */s M. Cris Armenta*
M. Cris Armenta
Attorneys for Plaintiffs
JOHN DOE, MICHAEL DOE, JAMES DOE, HENRY DOE, ROBERT DOE, CHRISTOPHER DOE, MATTHEW DOE, POLLY ST. GEORGE, SCOTT DEGROAT, DAVID J. HAYES, DANIEL LEE, MISHEL McCUMBER, JEFF PEDERSEN, JORDAN SATHER, and SARAH WESTALL