DAVID H. KRAMER, State Bar No. 168452
LAUREN GALLO WHITE, State Bar No. 309075
KELLY M. KNOLL, State Bar No. 305579
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
Email: lwhite@wsgr.com
Email: kknoll@wsgr.com

Attorneys for Defendants
GOOGLE LLC and YOUTUBE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE, ET AL., | CASE NO.: 5:20-cv-07502-BLF |
| Plaintiffs, | **DEFENDANTS' CASE MANAGEMENT STATEMENT** |
| v. | |
| GOOGLE LLC, ET AL., | |
| Defendants. | Initial Case Management Conference: |
| | Date: February 4, 2021<br>Time: 11:00 am<br>Judge: Hon. Beth Labson Freeman<br>Ctrm: 3 |

Following this Court's denial of Plaintiffs' application for a temporary restraining order, Plaintiffs informed Defendants that they intended to file a motion for a preliminary injunction. The Parties stipulated on December 3, 2020 that Defendants' response to Plaintiffs' Amended Complaint would be held in abeyance pending Plaintiffs' anticipated motion. *See* Dkt. 31. Plaintiffs did not file this motion.

Defendants have attempted to meet and confer with Plaintiffs multiple times in advance of the upcoming case management conference, and in order to determine whether Plaintiffs intend to continue litigating this case, but Plaintiffs have yet to respond to Defendants' requests. Given Plaintiffs' failure to respond, Defendants submit this Case Management Statement in order to comply with this Court's orders. *See* Dkts. 10, 20.

## I. JURISDICTION AND SERVICE

**Defendants' Statement:** Plaintiffs allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, and 28 U.S.C. § 1367. *See* Dkt. 30. Defendants agree that this Court has jurisdiction. No issues exist regarding personal jurisdiction or venue. All Parties have been served.

## II. DEFENDANTS' STATEMENT OF FACTS

YouTube is a popular online service for sharing videos and related content. YouTube allows individuals to publish content to its platform so long as they agree to YouTube's Terms of Service and abide by YouTube's content policies, including its Community Guidelines. The use of YouTube is governed by rules and policies that make clear that certain kinds of content— including harassment, hate speech, and other harmful or dangerous content—are not allowed and that YouTube has discretion to remove unwanted material from its service.

Plaintiffs, many of whom have refused to disclose their identities to Defendants' counsel or this Court, claim to be journalists, videographers, advocates, and commentators who created 17 individual channels on YouTube. Plaintiffs' channels were rife with content espousing harmful

conspiracy theories. Many of Plaintiffs' videos included horrifying and unsubstantiated accusations of violent and criminal conduct supposedly committed by specific individuals.

YouTube suspended these channels and removed all content from them in accordance with its Terms of Service after determining the content violated its policies. Specifically, YouTube concluded that Plaintiffs' content is not welcome on its service and amounts to harassment that has the potential to cause harm to third parties by inciting real-world violence. Those decisions were made independently by YouTube, and certainly not at the behest of government officials. Nor did the decisions have anything to do with silencing legitimate conservative political opinions prior to the 2020 election.

Plaintiffs filed this lawsuit asking the Court to overturn YouTube's decisions and force YouTube to reinstate their content.

### III.   DEFENDANTS' STATEMENT OF LEGAL ISSUES

Plaintiffs assert claims for breach of contract and breach of the implied covenant of good faith and fair dealing. These claims are meritless. YouTube's Terms of Service Agreement states that "YouTube is under no obligation to host or serve Content." Moreover, it states that YouTube may remove content from its platform in its discretion, if it "reasonably believe[s] that any Content is in breach of this Agreement or may cause harm to YouTube, our users, or third parties." And YouTube's Community Guidelines, which are incorporated into the Terms of Service, prohibit content that threatens individuals or incites others to harass or threaten individuals on or off of YouTube. Its Harassment and cyberbullying policy specifically prohibits "Content that targets an identifiable individual as part of a harmful conspiracy theory where the conspiracy theory has been linked to direct threats or violent acts." As YouTube has explained in recent announcements, this policy specifically prohibits "content that threatens or harasses someone by suggesting they are complicit in one of these harmful conspiracies, such as QAnon or Pizzagate."

Plaintiffs also claim that by removing their channels and associated content, YouTube violated their First Amendment rights. This claim also fails. As the Ninth Circuit has made clear, YouTube's content-moderation decisions are not constrained by the First Amendment because

YouTube is not a state actor. *Prager University v. Google LLC*, 951 F.3d 991, 997-99 (9th Cir. 2020). Plaintiffs' theory of state action, which appears to be based on the public statements of individual legislators that supposedly encouraged private action (and a non-binding resolution passed by a single House of Congress that does not have force of law), is entirely without merit. *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1004-05, 1010 (1982) ("[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."); *Abu-Jamal v. Nat'l Pub. Radio*, 1997 U.S. Dist. LEXIS 13604, at *3-5, *17 (D.D.C. Aug. 21, 1997) (rejecting theory that remarks made by individual members of Congress (among others) had pressured NPR to cancel a radio program and transformed NPR's otherwise private decision into state action); *cf. INS v. Chadha*, 462 U.S. 919, 949-59 (1983) (explaining that legislation must generally be passed by both Houses of Congress and presented to the President, and that the few circumstances where one body of Congress is empowered to act on its own are explicitly defined by the Constitution).

In addition to failing on their individual merits, Plaintiffs' claims are also independently barred by 47 U.S.C. § 230(c)(1), (c)(2)(A), and by YouTube's own First Amendment rights to exercise editorial control over the content on its private service.

### IV.  MOTIONS

**Defendants' Statement:** On October 27, 2020, Plaintiffs filed an Ex Parte Application for Temporary Restraining Order and for Order Why Preliminary Injunction Should Not Issue (Dkt. 8), which Defendants opposed on October 30 (Dkt. 21). Briefing on the motion concluded on October 31 (Dkt. 23), and the Parties appeared before this Court on a Motion Hearing on November 2 (Dkt. 24). On November 3, the Court denied Plaintiffs' application for a temporary restraining order. Dkt. 27.

Shortly thereafter, Plaintiffs informed Defendants of their intention to file a preliminary injunction motion. Plaintiffs amended their Complaint on November 17, 2020. On December 3, the Parties submitted a Joint Stipulation Request to Change Time Regarding Response to First

Amended Complaint, to hold in abeyance Defendants' deadline to answer or otherwise respond to Plaintiffs' First Amended Complaint until after the Court issued its ruling on Plaintiffs' anticipated motion for a preliminary injunction. Dkt. 31. The Court granted the stipulation on December 4. Dkt. 32.

Plaintiffs have not filed a motion for a preliminary injunction or responded to Defendants' repeated requests for an indication of whether Plaintiffs intend to pursue this case. Given Plaintiffs' inaction, Defendants intend to request an order to show cause why the case should not be dismissed for a failure to prosecute. In the event that Plaintiffs do belatedly seek a preliminary injunction or otherwise make an effort to continue litigating this case, Defendants will oppose and file a Motion to Dismiss Plaintiffs' Amended Complaint. If any part of this case proceeds, Defendants reserve the right to bring subsequent dispositive motions under Federal Rules of Civil Procedure 12 or 56. Defendants do not currently contemplate filing other motions, but reserve the right to do so.

## V. AMENDMENT OF PLEADINGS

**Defendants' Statement:** Defendants reserve the right to amend pleadings in the future depending on the outcomes of any preliminary injunction or dispositive motions.

## VI. EVIDENCE PRESERVATION

**Defendants' Statement:** Defendants have taken reasonable and proportionate steps to preserve evidence related to the issues presented in the action, consistent with the requirements of the Federal Rules of Civil Procedure and this Court's ESI Guidelines.

## VII. DISCLOSURES

**Defendants' Statement:** Plaintiffs have not responded to Defendants' multiple requests to schedule a Rule 26(f) conference, and therefore, the Parties have not yet agreed upon a timeline for initial disclosures. In the event this case is not dismissed for failure to prosecute, Defendants believe that the Parties should defer initial disclosures under Rule 26(a)(1) until after the pleadings are settled, following resolution of Defendants' anticipated motion to dismiss.

## VIII. DISCOVERY

**Defendants' Statement:** No discovery has been taken to date. Given that Plaintiffs' allegations are insufficient under Rule 12 and the pleadings are not yet settled, Defendants' position is that discussion of the full scope of discovery, scheduling for discovery, and any exchange of discovery is premature. Discovery is especially improper given that Plaintiffs' claims based on Defendants' content moderation decisions are barred by two separate provisions of Section 230 and also by Defendants' own First Amendment rights to exercise editorial discretion over the content on their platform. *See Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1174-75 (9th Cir. 2008) (en banc) (explaining Section 230 protects service providers "not merely from ultimate liability, but from having to fight costly and protracted legal battles"); *see also, e.g.*, *Onuoha v. Facebook, Inc.*, 2017 U.S. Dist. LEXIS 53963, at *2-3 (N.D. Cal. Apr. 7, 2017) (granting stay of all discovery pending the resolution of a dispositive motion under Section 230); *Fields v. Twitter, Inc.*, No. 3:16-cv-00213-WHO, Dkt. No. 28 (N.D. Cal. Apr. 7, 2016) ("agree[ing] with defendant [Twitter] that a discovery stay is appropriate for the time being," while the Court resolved Twitter's motion to dismiss based on Section 230).

Because Plaintiffs have yet to respond to Defendants' requests to meet and confer, Defendants do not know whether Plaintiffs intend to oppose Defendants' position or whether they will consent to staying discovery until the pleadings are settled. The Parties also have not had the opportunity to discuss potential discovery disputes, consider stipulated e-discovery orders, or propose discovery plans at this juncture.

## IX. CLASS ACTIONS

**Defendants' Statement:** This matter does not involve a class action.

## X. RELATED CASES

**Defendants' Statement:** Defendants identify the following pending cases, both of which are based on the same underlying conduct at issue in this case: the removal or restriction of access

to material on YouTube; and both of which involve many of the same claims asserted in this action against one or more of the Defendants:

- *Daniels v. Alphabet Inc.*, No. 20-cv-04687-VKD (N.D. Cal.) (DeMarchi, J.) (claims against Defendants Google and YouTube for violation of the First Amendment, breach of contract, and breach of the implied covenant of good faith and fair dealing); and

- *Informed Consent Action Network, et al. v. YouTube et al.*, No. 4:20-cv-09456-JST (N.D. Cal.) (Tigar, J.) (claims against Defendants YouTube and Facebook for violation of the First Amendment and breach of the implied covenant of good faith and fair dealing).

## XI. RELIEF

**Defendants' Statement:** Defendants do not believe that Plaintiffs are entitled to any relief in this case. Defendants anticipate seeking dismissal of all of Plaintiffs' claims and may seek to recover attorneys' fees in the event of a favorable final judgment.

## XII. SETTLEMENT AND ADR

**Defendants' Statement:** Plaintiffs have yet to respond to Defendants' multiple attempts to meet and confer, and therefore the parties have yet to discuss a specific ADR plan. Defendants fully intend to comply with ADR L.R. 3-5 and file the required ADR certifications after meeting and conferring with Plaintiffs. At this juncture, Defendants' position is that ADR is not likely to be beneficial.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

**Defendants' Statement:** The Parties have not consented to have a magistrate judge conduct all further proceedings, including trial and entry of judgment. *See* Dkt. 6.

## XIV. OTHER REFERENCES

**Defendants' Statement:** It is Defendants' position that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

**Defendants' Statement:** Defendants anticipate filing a Motion to Dismiss Plaintiffs' Amended Complaint in the event this case proceeds and reserve their rights to further narrow the issues through motion practice, as appropriate.

## XVI. EXPEDITED TRIAL PROCEDURE

**Defendants' Statement:** Defendants do not agree to the Expedited Trial Procedure of General Order No. 64.

## XVII. SCHEDULING

**Defendants' Statement:** Defendants' position is that it is premature to establish dates for designation of experts, discovery cutoff, pretrial conference, and trial, before Defendants have an opportunity to file a Motion to Dismiss Plaintiffs' Amended Complaint.

## XVIII. TRIAL

**Defendants' Statement:** Defendants believe it is premature to formulate a view concerning the expected length of any trial before they have the opportunity to file their Motion to Dismiss the Amended Complaint and before the pleadings are settled.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Defendants' Statement:** Defendants filed their Corporate Disclosure Statement and Certification of Interested Entities or Persons on October 10, 2020. *See* Dkt. 22. Pursuant to Federal Rule of Civil Procedure 7.1, Google LLC and YouTube, LLC disclose the following:

Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock. YouTube, LLC is a subsidiary of Google LLC.

Pursuant to Civil L.R. 3-15, the undersigned counsel for Defendants certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. YouTube, LLC

2. Google LLC

3. XXVI Holdings Inc., Holding Company of Google LLC

4. Alphabet Inc., Holding Company of XXVI Holdings Inc.

## XX. PROFESSIONAL CONDUCT

**Defendants' Statement:** All attorneys of record for Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: January 28, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____*/s/ Lauren Gallo White*_____
Lauren Gallo White
lwhite@wsgr.com

Attorneys for Defendants
YouTube, LLC and Google LLC